UNITED STATES of America, for the use of North Star Terminal & Stevedore Company ex rel d/b/a Northern Stevedoring & Handling and North Star Terminal & Stevedore Company d/b/a Northern Stevedoring & Handling, on its behalf, Plaintiffs–Appellees, Cross–Appellants,

and

United States of America for the use of Shoreside Petroleum, Inc. d/b/a Marathon Fuel Services, and Shoreside Petroleum Inc. d/b/a Marathon Fuel Services, on its own behalf, Plaintiffs–Intervenors,

and

Metco, Inc., Plaintiff–Intervenor,

v.

NUGGET CONSTRUCTION, INC.; United States Fidelity & Guaranty Company, Defendants–Appellants, Cross–Appellees,

and

Robert A. Lapore; Spencer Rock Products Inc., Defendants,

Shoreside Petroleum Inc. ex rel; Metro, Inc., Plaintiff–Intervenors–Appellees,

Spencer Rock Products, Inc.; Robert A. Lapore, Defendants.

United States of America, for the use of North Star Terminal & Stevedore Company ex rel d/b/a Northern Stevedoring & Handling and North Star Terminal & Stevedore Company d/b/a Northern Stevedoring & Handling, on its behalf, Plaintiff,

and

United States of America for the use of Shoreside Petroleum, Inc. d/b/a Marathon Fuel Services, and Shoreside Petroleum, Inc. d/b/a Marathon Fuel Services, on its own behalf, Plaintiffs–Intervenors–Appellants,

and

Metco, Inc., Plaintiff–Intervenor,

v.

Nugget Construction, Inc.; United States Fidelity & Guaranty Company, Defendants–Appellees,

and

Robert A. Lapore; Spencer Rock Products Inc., Defendants.

North Star Terminal & Stevedore Co. ex rel, Plaintiff,

v.

Nugget Construction, Inc.; United States Fidelity & Guaranty Company, Defendants–Appellants,

Spencer Rock Products Inc., Defendant–Appellee,

and

Robert A. Lapore, Defendant,

v.

Shoreside Petroleum Inc. ex rel, d/b/a Marathon Fuel Services, Plaintiff–Intervenor–Appellee

and

Metco, Inc., Plaintiff–Intervenor.

NORTH STAR TERMINAL & STEVEDORE CO. EX REL, Plaintiff,

and

Shoreside Petroleum, Inc. ex rel, d/b/a Marathon Fuel Services, Plaintiff–Intervenor,

and

Metco, Inc., Plaintiff–Intervenor–Appellee,

v.

Nugget Construction, Inc.; United States Fidelity & Guaranty Company, Defendants–Appellants

and

Robert A. Lapore; Spencer Rock Products Inc., Defendants.

No. 00–35230, 00–35467, 00–35481.
D.C. No. CV–98–0009–a–HRH.
D.C. No. CV–98–0009–HRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2001.

Decided Sept. 27, 2001.

Before SCHROEDER, T.G. NELSON, and SILVERMAN, Circuit Judges.

### MEMORANDUM *

Nugget Construction, Inc., and its Miller Act surety, (NCI), appeal the district court's grant of summary judgment in favor of claimants against NCI's Miller Act bond. We review the district court's judgment de novo [1] and reverse.

In *United States v. Aetna Casualty & Surety Co. (Conveyor Rental)*,[2] we reviewed the factors supporting a finding of subcontractor status.[3] Of the thirteen listed factors, most of the factors clearly do not support such a finding as to Spencer Rock Products (SRP). Although SRP supplied almost all the rock and its contract with NCI represented over 40% of NCI's total contract cost, these factors simply do not counterbalance the others. Most notably, SRP was not involved in any other portion of NCI's overall contract and the product supplied was in no way unique or complex—it was clearly merely material.

Of the factors listed in *Conveyor Rental* tending to support the status of a materialman,[4] only two facts weigh against finding such a status here. The material did not come from pre-existing inventory and the contract between SRP and NCI represented a substantial portion of NCI's total contract cost. Nonetheless, these facts are not determinative because the many other facts supporting materialman status outweigh them.

The Support Agreement does not affect our analysis. NCI agreed to provide help to SRP so that SRP could complete the contract. In so doing, NCI may have exposed itself to direct suit by SRP's suppliers (we express no opinion on this issue because it is not before us). The agreement did not, however, change SRP's involvement in the project, nor require it to do any more than it had originally agreed to do. SRP continued to be a materialman.

The cross-appeal of Shoreside, No. 00–35467, is DISMISSED as moot. The judgments appealed from are REVERSED, and the cases are REMANDED for further proceedings.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Weiner v. San Diego Cty.*, 210 F.3d 1025, 1028 (9th Cir.2000).

2. 981 F.2d 448 (9th Cir.1992).

3. *Id.* at 451–52.

4. *Id.* at 452.